UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLINTON DANIEL SAM | CIVIL ACTION |
| VERSUS | NO. 10-197 |
| JEFFERSON PARISH SHERIFF OFFICE ET AL. | SECTION "J" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Clinton Daniel Sam, is a prisoner currently incarcerated in the River Correctional Center in Ferriday, Louisiana. He filed this complaint pro se and in forma pauperis in the United States District Court for the Middle District of Louisiana pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff Newell Normand (incorrectly designated by plaintiff as the Jefferson Parish Sheriff's Office), Officer Dennis Couvillon, Officer Melvin Francis, the Jefferson Parish District Attorney's Office, Assistant District Attorney Thomas J. Butler and the State of Louisiana. Plaintiff alleges that he was falsely arrested and maliciously prosecuted. He seeks injunctive relief and punitive damages. Plaintiff's complaint was transferred to this court from the Middle District on January 27, 2010. Record Doc. Nos. 1 and 3 (Transfer Order and Complaint at ¶ IV and V).

Specifically, plaintiff's complaint states in pertinent part:

> Jefferson Parish deputy Dennis Couvillon and Melvin Franeis (sic), faulesly (sic) arrssted (sic) me on 6/4/03 on Julia Street. A Magistrate

> Probable Cause dete[r]mination was held. The affidavit to support the arrest was sign[ed] by Magistrate Judge dete[r]mination, 'No Probable Cause.' The State deviating from the law proceed[ed] to trial convicting me. 'My due process violated. This was malicious prosecution, 'Without Probable Cause.' I was illegal[ly] arrested, and search[ed]. [I]nfringement upon by deputy Dennis and deputy Melvin who command[ed] me to walk to the[i]r unit having to leave my daughter on a public sidewalk unatteneded (sic) against my will. I was not free to leave I was not protected under the 4th amendment I was never question[ed] as to a field interview I was order[ed] to put my hands on the unit arrested and then seruch (sic). Afther (sic) going befor[e] a Magistrat[e] Judge to determin[e] if thar (sic) was probable cause for the arrest affidavit, and the Magistrat[e] sign[ed] no probable cause on the affidavit. I was conv[i]cted without probable cause on a document of variance, I stood befor[e] a markine (sic) court deprived of my freedom upon a charge not made. . . . State told me and jury they had probable cause whar (sic) Magistrate determination was no probable cause . . . . The State proceed to trial. I suffer[ed] loss of due process and only right I have left is to sue, . . . I was convicted with out (sic) probable cause, . . . Prosecutor told Jury they had to find me guilty of possession.

Id., ¶ IV at pp. 4 - 6.

Plaintiff further states that he is seeking "a rever[s]ed sentence and conviction," "legal injury for pros[e]cutor misconduct . . . personal injury from the State for false imprisonment [in] violation of my constitution rights . . . [and] punitive damages of $1.25 million from Jefferson Parish Sheriff Office for false imprisonment and from the State for mental deficieney (sic) malicious injury." Id. at p. 6.

In the relief portion of his complaint, plaintiff states, "I want this conviction and sentence revered (sic), the record inspected [and] also punitive damages $1.25 mill[i]on." Id., ¶ V at p. 7. Plaintiff attached to his complaint a copy of a Jefferson Parish Sheriff's

2

Office Arrest Report and Probable Cause Affidavit reflecting plaintiff's arrest on June 4, 2003. Record Doc. No. 1, Complaint at p. 8.

Defendants, Jefferson Parish District Attorney's Office and Assistant District Attorney Thomas J. Butler, have filed "Motions (sic) for Summary Judgment or, Alternatively, to Dismiss for Failure to State a Claim Under F.R.C.P. 12(b)(6) or, Alternatively, to Dismiss Under 28 U.S.C. 1915" based on Heck v. Humphrey, 512 U.S. 477 (1994). Record Doc. No. 16. In support of the motion, defendants submitted the following evidence:

(1) A certified copy of "Conviction and Sentencing Commitments" of the Jefferson Parish 24th Judicial District Court reflecting that a jury found plaintiff guilty of one count of possession of cocaine on September 21, 2004, and that the court subsequently found plaintiff to be a fourth felony offender and sentenced him to a term of 20 years in prison (Exhibit 1 to defendants' Motion for Summary Judgment, Record Doc. No. 16-5 at pp. 1-2 );

(2) A certified copy the Louisiana Fifth Circuit Court of Appeal's June 19, 2008 decision affirming plaintiff's conviction (Exhibit 2 to defendants' Motion for Summary Judgment, Record Doc. No. 16-6);

(3) A certified copy of the Louisiana Supreme Court's May 15, 2009 denial of plaintiff's Application for Supervisory and/or Remedial Writs (Exhibit 3 to defendants' Motion for Summary Judgment, Record Doc. No. 16-7);

(4) A certified copy of the Louisiana Fifth Circuit Court of Appeal's December 18, 2009 denial of relief on plaintiff's November 16, 2009 Application for Supervisory Writ, which further reflects that plaintiff's application for post-conviction relief filed on June 18, 2009 was denied by the trial court on September 14, 2009 (Exhibit 4 to defendants' Motion for Summary Judgment, Record Doc. No. 16-8).

Plaintiff was ordered to file a written opposition to defendants' motion and he has done so. Record Doc. Nos. 19 and 21. In his opposition, plaintiff reiterates his claims and states "Plaintiff can not present evidence of a successful termination." Record Doc. No. 21 at p. 6.

## ANALYSIS

I. STANDARDS OF REVIEW

(A) 28 U.S.C. § 1915A Screening

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80

(5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in

5

forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

(B) <u>Summary Judgment</u>

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. <u>Capitol Indem. Corp. v. United States</u>, 452 F.3d 428, 430 (5th Cir. 2006) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the action under governing law. An issue is 'genuine' if the evidence is sufficient for a rational trier of fact to return a verdict for the nonmoving party." <u>Hamilton v. Segue Software Inc.</u>, 232 F.3d 473, 477 (5th Cir. 2000) (citing <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986)).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential

6

elements of its claim. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the

nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

In this case, plaintiff's Section 1983 complaint must be dismissed because the motion for summary judgment filed by some of the defendants is well-founded and the remainder of the complaint is either legally frivolous under 28 U.S.C. § 1915(e) because it lacks an arguable basis in law or fails to state a cognizable Section 1983 claim under Rule 12(b)(6) under the broadest reading.[1]

## II. PROSECUTORIAL IMMUNITY

Plaintiff has named Jefferson Parish Assistant District Attorney Thomas J. Butler as a defendant in this case based solely upon his actions as a prosecutor in connection with state court criminal proceedings against Sam. To the extent that Sam asserts claims against the Assistant District Attorney in his individual capacity, Butler is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988);

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

8

accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir.

9

2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of a prosecutor in the district attorney's office concerning the criminal charges against Sam in Jefferson Parish form the exclusive basis of plaintiff's claims against the Assistant District Attorney. However, the Assistant District Attorney's actions in initiating and pursuing the prosecution of Sam fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all claims for damages against the Assistant District Attorney in his individual capacity must be dismissed.

## III. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

In this case, plaintiff seeks monetary damages and injunctive relief as to his claims. In either case, his claims must be dismissed at this time. In Heck, the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637, at *3-4 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).

Sam's complaint indicates that, at the time of filing this complaint, he was in custody in the River Correctional Center in Ferriday, Louisiana. Record Doc. No. 1, Complaint at ¶s II and III. In his response to the court's order, Record Doc. No. 5, Sam states, "Im (sic) presently incarcerated base[d] on a conviction Im (sic) now serving. I

was arrested June 4, 2003. On September 21, 2004 I was found guilty of possession of cocaine. On December 8/2004 (sic) the court found me to be fourth felony offender and sentence[d] me to 20 year[s]." Record Doc. No. 8 at p.4.

In addition, a review of the records of this court indicates that, on February 4, 2010, plaintiff filed a petition for writ of habeas in this court concerning his September 21, 2004 conviction. That habeas corpus case, Civil Action No. 10-303 "S"(2), remains pending and under active consideration.

The conviction that Sam challenges in this case has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for relief that he asserts, attacking his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendants' "Motions (sic) for Summary Judgment or, Alternatively, to Dismiss for Failure to State a Claim Under F.R.C.P. 12(b)(6) or, Alternatively, to Dismiss Under 28 U.S.C. 1915" be **GRANTED** and that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983

be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of April, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.